disability insurance benefits because the Department decided that Lind was capable of engaging in "substantial gainful activity."[1]  42 U.S.C. §§ 416(i), 423. This decision was affirmed by the agency upon reconsideration, by an examiner after a *de novo* hearing, and by the Department Appeals Council. Lind sought relief in the District Court and now appeals from a summary judgment upholding the Department's decision. 42 U.S.C. § 405(g).

From the record before us, we cannot say that the challenged administrative decision was not supported by substantial evidence.[2]

Affirmed.

---

Cale Crowley (argued), of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., Earl F. Requa, Gen. Counsel, St. Paul, Minn., for appellee.

Before CHAMBERS, BROWNING and KILKENNY, Circuit Judges.

PER CURIAM:

Here an effort is made to get mineral rights excluded by the terms of the grant from appellee's predecessor.

The district court was unable to distinguish this case from Russell v. Texas Co. (Northern Pacific Railway Co.) (9th Cir. 1957), 238 F.2d 636, and ruled against plaintiffs-appellants, 295 F. Supp. 158.

We are unable to distinguish Russell either. So we affirm.

---

**Morten MORTENSON et al., Plaintiffs and Appellants,**

v.

**BURLINGTON NORTHERN, INC., a Delaware corporation, Appellee.**

No. 24093.

United States Court of Appeals, Ninth Circuit.

Dec. 15, 1970.

---

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KELLER INDUSTRIES, INC., Respondent.**

No. 25037.

United States Court of Appeals, Ninth Circuit.

Dec. 22, 1970.

---

Floyd Small, Helena, Mont. (argued), of Milton G. Anderson, Sidney, Mont., and Dale Cox, Glendive, Mont., for appellant.

Russell J. Thomas, Jr. (argued), Arnold Ordman, Gen. Counsel, Dominick L.

1. In 1961, when he first received the disability benefits, Lind was diagnosed as a chronic schizophrenic with reactions of the paranoid type who also suffered from heart trouble in the form of angina pectoris. In 1964, however, there was no evidence of a heart condition and his paranoia was in remission. He had a passive-dependent type of approach to life.

2. One doctor noted that Lind was not mentally retarded and could manage his own funds. Although several physicians believed that Lind's schizophrenia with a paranoiac reaction in partial remission was permanent, one distinguished psychiatrist expressed the opinion that Lind could work in a restricted environment where there was a minimum of social contact. She stated that "[i]f motivation could be achieved to some degree, Mr. Lind, because of his capacity to reason and plan and pursue such planning should have many years of productivity left to pursue."

Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Leonard M. Wagman, Atty., Washington, D.C., Roy O. Hoffman, Director, N.L.R.B., San Francisco, Cal., for appellee.

Harrison C. Thompson, Jr. (argued), Lucius M. Dyal, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, Fla., for appellee.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Our examination of the record in this case convinces us that the findings of the trial examiner adopted by the Board are supported by substantial evidence on the record considered as a whole.

The order of the Board will be enforced.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CLAY CITY BEVERAGES, INC., Respondent.**

No. 20433.

United States Court of Appeals, Sixth Circuit.

Jan. 5, 1971.

Stanley J. Brown, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Elliott Moore, Atty. N.L.R.B., on the brief, Washington, D. C., for petitioner.

George L. Jenkins, Columbus, Ohio, Vorys, Sater, Seymour & Pease, Charles D. Minor, Columbus, Ohio, on the brief, for respondent.

Before McCREE and MILLER, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This matter is before the court upon the application of the National Labor Relations Board for enforcement of its Supplemental Order issued April 14, 1970 and reported at 181 N.L.R.B. No. 178. Reference is made to the Decision and Order and to the Supplemental Decision and Order of the Board for a statement of facts.

Upon consideration of the briefs, oral arguments, and the entire record, the court concludes that the findings of violations of Sections 8(a) (1), 8(a) (3), and 8(a) (5) of the National Labor Relations Act, as amended, 29 U.S.C. Section 151 et seq. are supported by substantial evidence on the record considered as a whole and are otherwise in accordance with the law, and the remedies fashioned appear to be justified.

Accordingly, the order of the Board will be enforced.

**Robert RELIFORD, Petitioner and Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

No. 24225.

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1970.

Robert J. Gloistein (argued), San Francisco, Cal., for appellant.

Robert Granucci (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael J.